IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Edward W. Nottingham**

Civil Action No. 06–cv–01619–EWN

TANNA M. WOODS,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner
of Social Security,

    Defendant.

___

**ORDER AND MEMORANDUM OF DECISION**
___

This matter is before the court on Plaintiff Tanna M. Woods's application for an award of reasonable attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 16, 2006, Plaintiff filed a complaint in this court challenging the Commissioner's denial of disability benefits. (Compl. [filed Aug. 16, 2006].) On May 3, 2007, the court reversed the Commissioner's decision that Plaintiff was not disabled within the meaning of the Social Security Act and remanded for proceedings consistent with the court's opinion. (Order and Memorandum of Decision [filed May 3, 2007] [hereinafter "Order"].) On July 5, 2007, Plaintiff filed a motion for an award of reasonable attorneys' fees under EAJA. (Pl.'s Application for an Award of Reasonable Attorneys' Fees Under the Equal Access to

Justice Act 28 U.S.C. § 2412 [filed July 5, 2007] [hereinafter "Pl.'s Br."].) Plaintiff requested a total fee of $5,528.09. (*See id*. at 3–4, Ex. 2 [Atkinson Aff.] [itemizing the hours, services, and expenses], Ex. 4 [Noel Aff.] [discussing reasonableness of the fee requested].)

On July 19, 2007, Defendant responded arguing that Plaintiff's motion "should be denied because the government's position in this case was substantially justified." (Def.'s Resp. to Pl.'s Application for an Award of Reasonable Attorneys' Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [filed July 19, 2007] [hereinafter "Def.'s Resp."].) Defendant does not challenge the reasonableness of the requested fee. (*See id*.)

On August 3, 2007, Plaintiff replied. (Pl's Reply to Def.'s Resp. to Pl.'s Application for an Award of Reasonable Attorneys' Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 [filed Aug. 3, 2007] [hereinafter "Pl.'s Reply"].)

## ANALYSIS

*1.  Legal Standard*

The purpose of the EAJA "is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Madrid v. Astrue*, 243 Fed. App'x. 387, 392 (10th Cir. 2007) (citing *Commissioner, INS v. Jean*, 496 U.S. 154, 163, 110 S.Ct. 2316, 2316 [1990]). "Under EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412[d][1][A]).

In the Tenth Circuit, the test for substantial justification "is one of reasonableness in law and fact." *Id*. (citation omitted). "The government's position can be justified even though it is not correct." *Id*. (citation and quotation omitted). "The Commissioner ha[s] the burden of proof to show that her position was substantially justified." *Id*. (citations omitted).

*2.  Evaluation*

The only dispute in this case is whether the Commissioner's position was substantially justified. Plaintiff obtained a district court remand to the Commissioner. (*See* Order) Defendant does not dispute that this makes Plaintiff a prevailing party for purposes of the EAJA. (*See* Def.'s Resp.) Nor does Defendant assert that there are any special circumstances that make an award of fees unjust. (*Id.*) Therefore, Plaintiff is entitled to reasonable attorneys' fees "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A).

EAJA provides that "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id*. § 2412(d)(1)(B).

In its Order, the court found that Dr. Meinig's records were "replete with suggestions that Plaintiff is incapable of full-time work as well as medical findings arguably supporting this conclusion." (Order at 23.) The court concluded that the Administrative Law Judge's (ALJ) treatment of Dr. Meinig's opinion was in error because the ALJ: "(1) failed to provide legitimate reasons for disregarding significant portions of the doctor's opinion; and (2) should have,

considering his seemingly exclusive reliance on Dr. Meinig's opinion in assessing Plaintiff's RFC, recontacted the doctor to resolve the inconsistencies in his opinion or ordered a consultative examination." (*Id*. at 25.)

Nevertheless, Defendant argues that its position was substantially justified because: (1) although there were inconsistencies in treating physician's opinion, "it was the ALJ's duty to weigh such evidence, to resolve material conflicts in the record, and to decide the case accordingly;" (2) "a treating physician's opinion may be rejected if conclusions are not supported by specific findings;" (3) the portions of the treating physician's "opinion that were tantamount to declaring Plaintiff was disabled and unable to work were not controlling, because such opinions are not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the Commissioner;" and (4) "Defendant prevailed on all other arguments at issue." (Def.'s Resp. at 3–4 [citations and quotations omitted].)

All these arguments are without merit because, once again, Defendant is picking and choosing, only this time from the law, using only those parts that appear favorable to a finding that its position was justified.

"The ALJ is not entitled to pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability." (Order at 24 [citing *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004)].) The ALJ did pick and choose from a medical opinion, using only those parts that are favorable to a finding of nondisability. (*See id.*)

> Social security regulations mandate that when the evidence before the ALJ is inadequate to determine whether a plaintiff is disabled, the ALJ should recontact the appropriate medical source, or — if that medical source cannot or

> will not provide the necessary findings — ask the plaintiff to attend one or more consultative examinations at the expense of the Social Security Administration.

(*Id*. at 24–25 [citing 20 C.F.R. § 404.1512(e), (f)].)

> In a case such as the one at bar, where the primary opinion relied upon in assessing Plaintiff's RFC contains blatantly contradictory statements, the ALJ had insufficient information on which to base his disability determination. The ALJ should have either recontacted Dr. Meinig to resolve the inconsistency or ordered a consultative examination. *See McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (finding ALJ had a statutory duty to obtain additional information before determining that a treating physician did not agree with the assessment he signed); *Ricketts v. Apfel*, 16 F. Supp. 2d 1280, 1293 (D. Colo. 1998) (citing *Thompson v. Sullivan*, 987 F.2d 1482, 1491 [10th Cir. 1993]) ("In the absence of evidence upon which to make a finding as to RFC, the ALJ should order a consultative examination to determine the claimant's capabilities.").

(*Id*.) The ALJ did not recontact Dr. Meinig and did not ask Plaintiff to attend consultative examinations at the expense of the Social Security Administration.

"The ALJ has a duty to weigh the evidence and resolve material conflicts in the record." (*Id*. at 24–25 [citing 20 C.F.R. § 404.1512(e), (f)].) The ALJ, however, "must have sufficient information to resolve such conflicts." (*Id*.) Based on the forgoing, the ALJ resolved the issue without having sufficient information. (*See id.*) These errors were directly related to the ALJ's ability to answer the question whether Plaintiff's impairment significantly limits her ability to engage in substantial gainful activity. *See Hackett*, 475 F.3d at 1175 (holding that claimant's motion for attorneys' fees should have been granted because defendant's position was not substantially justified when the ALJ's determination of non-disability was based on a mischaracterization of the vocational expert's testimony.); *Madrid*, 243 Fed. App'x. at 392 (citing

*Bernal v. Bowen*, 851 F.2d 297, 301 [10th Cir.1988]) (holding that the diagnosis of the condition did not establish disability and the Commissioner's position, "considered 'as an inclusive whole,' was reasonable in law and fact" because it was supported by substantial evidence in the record that could answer the question whether plaintiff's impairment significantly interfered with his ability to engage in substantial gainful activity.).

Accordingly, in light of the applicable law and the errors made in not discharging ALJ's duties, picking and choosing favorable law in isolation and out of context does not substantially justify Defendant's position.

Similarly, regarding Defendant's final argument, Defendant is well aware that where plaintiff persuades the court to "remand based on a reversible error, 'the fact that the Commissioner prevailed ... on most issues did not alter the fact that [he] acted unreasonably in denying benefits at the administrative level.'" *Dye v. Astrue*, 244 Fed. App'x. 222, 223 (10th Cir. 2007) (citing *Hackett*, 475 F.3d at 1173 n.1.). Therefore, Defendant's fourth argument — that its position was substantially justified partly because Defendant prevailed on all other arguments at issue — lacks merit as well.

Based on the foregoing, the court cannot conclude that the Commissioner's position was reasonable in law or fact and substantially justified.

3. *Conclusion*

It is therefore ORDERED that Plaintiff's Application for an Award of Reasonable Attorneys' Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412 (# 24) is GRANTED.

Plaintiff shall have 7 days to supplement the amount sought and Defendant shall have 7 days from the date of Plaintiff's filing to object.

Dated this 8th day of July, 2008.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
Chief United States District Judge